**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

|  |  |  |
|---|---|---|
| Minnesota State College Student Association, Inc., d/b/a LeadMN, | ) ) ) ) | Case No. 22-cv-00771-ECT-ECW |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| Jay Cowles, Rudy Rodriguez, Asani Ajogun, Victor Ayemobuwa, Alex Cirillo, Dawn Erlandson, Jerry Janezich, Roger Moe, Javier Morillo, April Nishimura, Oballa Oballa, Kathy Sheran, George Soule, Cheryl Tefer, and Michael Vekich, in their official capacities as Trustee Members of the Board of Minnesota State Colleges and Universities. | ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| Defendants. | ) ) ) | |

**INTRODUCTION**

Defendants' motion must be denied because their arguments are insufficient to overcome the ample plausible allegations and claims in LeadMN's Complaint. Seeking to ignore the Complaint's allegation, they improperly ask the Court to accept an alternative narrative belatedly fabricated from whole cloth. This tactic cannot succeed.

As the Court is well aware, the Court must "tak[e] all facts alleged in the complaint as true, and mak[e] reasonable inferences in favor of [LeadMN,] the nonmoving party." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (citing *Cent. Platte Natural Res. Dist. v. U.S. Dep't of Agric.*, 643 F.3d 1142, 1148 (8th Cir. 2011)). Ironically, Defendants' attempts to distract the Court from Defendants' violations, only serve to

1

accentuate their obvious violations. Defendants' effort to preserve the unbridled discretion wielded by the Board to withhold funding for speech merely highlights Defendants violations.

Defendants argue Trustees are free to ignore LeadMN's right to free speech and the approval of elected student government leaders representing the students who will actually pay the fees at issue (and who then benefit from the advocacy and speech those fees would fund). What threshold and standard do Defendants' propose to limit their discretion? Merely, if the Board does not "want to go along with" the speech LeadMN "intend[s] to [fund] with the fee increase." (Kimble Decl. Ex. 2 at 2:13:55-2:14:32.)

In a desperate attempt to preserve their unbridled discretion, the Board insists that this federal Court must defer to the Board's discretion "balance[ing of] cost and noncost factors and . . . choices among public policy alternatives," even when such balancing never occurred and the Board never announces what "policy alternatives" it chose or why. (Dkt 11 ("Defs Mem.") p. 14.) Defendants likewise assert that federal and the U.S. Constitution must yield to the Board's discretion "when the [Board's] finding is properly supported by the evidence," even when the Board made no finding whatsoever. (*Id*.)

Defendants' argument would fail as a matter of law based on the documents and recordings submitted by Defendants with their motion. Of course, there is no basis to affirm the Board's unbridled discretion because of deference or otherwise. Defendants ignore that their legislative deference argument has been soundly rejected by the Eighth Circuit twice. *See Stanley v. Magrath*, 719 F.2d 279 (8th Cir. 1983); *Maitland v. Univ. of Minn.*, 260 F.3d 959, 963 (8th Cir. 2001).